RECEIVED

MAR - 6 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ISLAND OPERATING CO., INC. | CIVIL ACTION NO. 6:16-cv-00145 |
| VERSUS | JUDGE DOHERTY |
| JEWELL, ET AL. | MAGISTRATE JUDGE HANNA |

## RULING ON COSTS AND FEES

In its Trial Ruling, this Court noted plaintiff Island Operating Co. ("Island") had requested costs and reasonable attorneys' fees, and, therefore, this Court deferred final ruling and issuance of a judgment, and requested additional briefing from the parties as to an award of costs and fees against the government in a matter such as this one. [Rec. Doc. 28, p. 18-20] The Court has received the parties' responsive briefs [Rec. Docs. 29-30] and hereby issues its ruling as to costs and fees, and adopts and incorporates its previous ruling [Rec. Doc. 28] herein.

Island primarily argues that it is entitled to costs and fees by operation of the Equal Access to Justice Act ("EAJA") and by way of this Court's equitable powers. The defendants oppose a discretionary award of costs, argue the United States has not waived its sovereign immunity as to a fee award in a manner applicable to this matter, and alternatively argue that the EAJA and common law do not support a fee award. For the reasons given below, this Court grants Island's request for those costs enumerated in 28 U.S.C. § 1920, and denies Island's request for attorneys' fees.

### I. COSTS

#### A. ISLAND'S ARGUMENT

Island seeks costs and attorneys' fees, and argues this Court should exercise its discretion to award costs on the basis of the EAJA. [Rec. Doc. 29, p. 5] Island points to Fed.R.Civ.P.

1

54(d)(1), which provides that "costs – other than attorney's fees – should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law." Island further argues that 28 U.S.C. § 2412(a)(1), part of the EAJA, grants courts discretion to award the costs enumerated in 28 U.S.C. § 1920[1] to a prevailing party in a civil action against the United States, and requests that this Court so exercise that discretion. [Rec. Doc. 29, p. 5]

### B. DEFENDANTS' ARGUMENT

The defendants agree that, pursuant to Fed.R.Civ.P 54(d) and the EAJA, this Court has discretion to award those costs enumerated in 28 U.S.C. § 1920, but opposes any discretionary award of costs to Island. [Rec. Doc. 30, pp. 1-2]

### C. DISCUSSION

Fed.R.Civ.P. 54(d)(1) provides, in part, that "Costs – other than attorney's fees –should be allowed to the prevailing party...[b]ut costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law." 28 U.S.C.A. § 2412(a)(1) provides, in part, that:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in [28 U.S.C. § 1920], but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

---

[1] 28 U.S.C. § 1920 (entitled "Taxation of costs") defines costs that may be taxed, namely: "(1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under [28 U.S.C. § 1923]; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828]."

2

The EAJA, therefore, gives courts discretion to award costs against the United States. Fed.R.Civ.P. 54, however, creates "a strong presumption" in favor of awarding costs to a prevailing party, and "a district court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so."[3] A party who has obtained some relief usually will be regarded as the prevailing party, even if the party does not prevail on all claims.[4]

Per this Court's Trial Ruling [Rec. Doc. 28], Island has been granted substantial relief, and therefore, this Court finds Island is the prevailing party in this matter. Recognizing the strong presumption in favor of awarding costs to a prevailing party in the Fifth Circuit, this Court hereby GRANTS Island those costs enumerated in 28 U.S.C. § 1920, *viz.* "(1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under [28 U.S.C. § 1923]; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828]." The parties are to follow the procedure for requesting costs as laid out in the Federal Rules of Civil Procedure and the Local Rules of this Court to facilitate the award of costs.

### II. FEES

#### A. ISLAND'S ARGUMENT

---

[3] U.S. ex rel. Long v. GSDMIdea City, L.L.C., 807 F.3d 125, 128 (5th Cir. 2015).
[4] United States v. Mitchell, 580 F.2d 789, 793 (5th Cir.1978), *superseded by statute on other grounds*, 42 U.S.C. § 3614.

3

Island requests that this Court exercise its equitable powers – implicated by § 2412(b) of the EAJA and the common law – to award reasonable attorneys' fees incurred not only during this action, but also during the predicate proceeding before the Interior Board of Land Appeals ("IBLA"), and during the preparation and defense of Island's future application for fees and costs. [Rec. Doc. 29, p. 2] The defendants argue that a fee award in this circumstance is prohibited by sovereign immunity, and in the alternative is not allowed by § 2412(b) of the EAJA and the common law.[5] [Rec. Doc. 30]

In support of its request for fees, Island cites 28 U.S.C. § 2412(b), part of the EAJA, which states that "a court may award reasonable fees and expenses of attorneys…to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity…[t]he United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law…." [Rec. Doc. 29, p. 2] Island argues that the statute does not impose a rigid test for an award of fees. Rather, under common law, the courts "have broad authority to do equity" "whenever overriding considerations indicate the need for such a recovery or the interests of justice so require." [Rec. Doc. 29, p. 2 (quotations and citations omitted)] Island avers federal courts have traditionally awarded fees when the government has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." [Rec. Doc. 29, p. 3] Island suggests wanton conduct occurs when a litigant recklessly presses an objectively frivolous position, and that subjective knowledge of the position's unfounded nature is not necessary. [Id.]

---

[5] The defendants also argue that Island has not demonstrated it is eligible to receive an award of fees under § 2412(d) of the EAJA, and that 43 U.S.C. § 1349(a)(5) is inapplicable in this case and does not provide a basis for a fee award [Rec. Doc. 30, pp. 3-5]; Island indicates that it does not rely on § 2412(d) in seeking its fees [Rec. Doc. 29, p. 5 at n. 10], and does not address the applicability of § 1349 to this case.

4

Island argues the government's conduct during and before this proceeding has been sufficiently wanton to justify an award of fees. In support of this claim, Island argues BSEE knowingly advanced an unprecedented and unfounded theory of contractor liability, which went contrary to the plain text of the Outer Continental Shelf Lands Act ("OCSLA"), decades of agency practice, and a contrary district court decision (which is currently under appeal). [Rec. Doc. 29, pp. 3-4] Island further argues it is entitled to an equitable fee award because Island has been forced to shoulder the burden of opposing BSEE's actions on behalf of the entire offshore contractor industry, and in a declining economic situation for that industry. [Rec. Doc. 29, p. 4] Finally, Island argues that because it was forced to exhaust administrative remedies before bringing this suit, the appeal before the IBLA is so intimately connected to the instant civil action that the appeal should be considered part of this civil action for purposes of a fee award under the EAJA. [Rec. Doc. 29, pp. 4-5]

### B. DEFENDANTS' ARGUMENT

The defendants argue that Island is not entitled to a fee award in this case. At the threshold, the defendants argue that the United States in general has sovereign immunity from an award of attorneys' fees, and Island has failed to meet its burden of demonstrating a waiver of that immunity which applies to this case. [Rec. Doc. 30, pp. 2-3] The defendants argue that while there are statutes which provide for fee awards against the United States in specified circumstances, Island has not identified a statute that constitutes an unequivocal waiver of sovereign immunity in this case, and in the absence of such a statute, immunity bars the award of fees. [Id.]

In the alternative, the defendants argue the EAJA and common law do not support a fee award in this case. The defendants note § 2412(b) of the EAJA only allows an award of fees against the United States "to the same extent any other party would be liable under [1] the common

5

law or [2] under the terms of any statute which specifically provides for such an award." [Rec. Doc. 30, pp. 3-4] As noted above, the defendants argue Island has identified no statute which specifically provides for such an award in this case. The defendants further argue that the common law does not provide a basis for a fee award in this case, because the common law only allows an award of fees in cases of (1) an opponent's bad faith, or (2) the establishment of a common fund or common benefit, and neither applies here. [Rec. Doc. 30, p. 4]

### C. DISCUSSION

28 U.S.C. § 2412(b) provides:

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

This section of the EAJA does not itself provide for a reasonable fee award in this case – rather it indicates the United States is liable for a fee award *to the extent provided either at common law or by any applicable statute*. As Island relies on this section of the EAJA and this Court's equitable powers at common law, this Court finds Island has not identified a *statute* which might specifically provide for a fee award in this case, and therefore considers the availability of a fee award at common law.

The Supreme Court has stated in Chambers v. NASCO, Inc. that, while the so-called "American Rule" generally prohibits fee shifting, there are narrow exceptions in which federal courts have inherent power to assess attorney's fees, which fall into three categories.[6] These

---

[6] Chambers v. NASCO, Inc., 501 U.S. 32, 45, 111 S. Ct. 2123, 2133, 115 L. Ed. 2d 27 (1991).

categories of exceptions are: (1) cases involving a common fund; (2) cases in which a party exhibits willful disobedience of a court order; and (3) cases in which a party acts in bad faith, vexatiously, wantonly, or for oppressive reasons.[7] This case does not involve a common fund, and the defendants have not heretofore exhibited willful disobedience of a court order. Therefore, a fee award will only be available in case the defendants have acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

In Chambers, the court provided examples of this type of conduct, such as a finding "that fraud has been practiced upon [a court], or that the very temple of justice has been defiled," or when a party "shows bad faith by delaying or disrupting the litigation or hampering enforcement of a court order."[8] The Fifth Circuit has described these types of conduct thusly:

> Each [type of conduct – bad faith, vexatious, and wanton –] requires the litigant's position to be objectively frivolous. The difference between them, however, turns on the subjective knowledge or motivation of the individual. Bad faith implies that a litigant intentionally took a position he subjectively knew was unfounded. Bryan A. Garner, Black's Law Dictionary 166 (10th ed.2014) (defining bad faith as "dishonesty of belief, purpose, or motive"). Vexatious conduct implies not only that a litigant knew a position was unfounded, but that his purpose was to "create trouble or expense" for the opposing party. Id. 1796. Finally, wantonness suggests that a litigant has recklessly pressed an objectively frivolous position. Id. 1815; *see also* Stive v. United States, 366 F.3d 520, 522 (7th Cir.2004) (interpreting wantonly to mean "recklessly making a frivolous claim").[9]

Considering the conduct of the parties in this matter, including all documentation in the record, this Court finds that both parties have made technical, nuanced, and rational arguments. While this Court ultimately agreed with the position taken by Island as to the interpretation of OCSLA, it does not find the defendants' position was objectively frivolous, or that it had no rational basis. As this Court indicated in its Trial Ruling, it does not agree with the defendant's

---

[7] Id.
[8] Chambers, 501 U.S. at 46, 111 S. Ct. at 2133.
[9] Gate Guard Servs., L.P. v. Perez, 792 F.3d 554, 561 at n.4 (5th Cir. 2015).

reading of OCSLA, but acknowledges the defendant's laudable policy arguments, especially in light of the *Deepwater Horizon* incident. Considering all of the above, this Court does not find the defendants' conduct in this case has been in bad faith, vexatious, wanton, or oppressive. Therefore, Island's request for attorneys' fees is DENIED. As this Court finds Island is not entitled to fees under the EAJA, which both parties cite, it does not make a determination as to whether fees are barred by sovereign immunity.

IT IS HEREBY ORDERED Plaintiff Island's request for costs is GRANTED.

IT IS FURTHER ORDERED Plaintiff Island's request for attorneys' fees is DENIED

IT IS FURTHER ORDERED the parties are to file with the Court a proposed final judgment, agreed as to form by all parties, **within 14 days of the date of this ruling**. Once judgment has been entered, the parties may proceed on the question of costs as required by the Federal Rules of Civil Procedure and the Local Rules of this Court (*See, e.g.,* LR. 54.3 *et seq.*).

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___ day of ~~February~~ March, 2017.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

8